SUMMONS
(CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

NOTICE TO DEFENDANT: *(Aviso a Acusado)*

CITY OF OAKLAND, D. KEELY,
I. MAYER, Sgt. REILEY, and DOES 1 - 50

YOU ARE BEING SUED BY PLAINTIFF:
*(A Ud. le está demandando)*

MYRON A. SMITH

| | |
|---|---|
| You have 30 CALENDAR DAYS after this summons is served on you to file a typewritten response at this court.<br><br>A letter or phone call will not protect you; your typewritten response must be in proper legal form if you want the court to hear your case.<br><br>If you do not file your response on time, you may lose the case, and your wages, money and property may be taken without further warning from the court.<br><br>There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book). | *Después de que le entreguen esta citación judicial usted tiene un plazo de 30 DIAS CALENDARIOS para presentar una respuesta escrita a máquina en esta corte.*<br><br>*Una carta o una llamada telefónica no le ofrecerá protección; su respuesta escrita a máquina tiene que cumplir con las formalidades legales apropiadas si usted quiere que la corte escuche su caso.*<br><br>*Si usted no presenta su respuesta a tiempo, puede perder el caso, y le pueden quitar su salario, su dinero y otras cosas de su propiedad sin aviso adicional por parte de la corte.*<br><br>*Existen otros requisitos legales. Puede que usted quiera llamar a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de referencia de abogados o a una oficina de ayuda legal (vea el directorio telefónico).* |

The name and address of the court is: *(El nombre y dirección de la corte es)*

SUPERIOR COURT OF CALIFORNIA, ALAMDEA COUNTY
Northern Division
1225 Fallon Street, Room 109
Oakland, CA 94612

CASE NUMBER: *(Número del Caso)*
**2001-035547**

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es)*

Michael Devin #107630
1300 Clay Street, Suite 600
P.O. Box 23782
Oakland, CA 94623        (510) 528-2182

DATE: DEC 2 6 2001    ARTHUR SIMS EXECUTIVE OFFICER/CLERK, by Shirley F. Smith, Deputy
*(Fecha)*                        *(Actuario)*                            *(Delegado)*

[SEAL]

NOTICE TO THE PERSON SERVED: You are served
1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of (specify):
3. [X] on behalf of (specify): City of Oakland
   under: [ ] CCP 416.10 (corporation)        [ ] CCP 416.60 (minor)
          [ ] CCP 416.20 (defunct corporation)  [ ] CCP 416.70 (conservatee)
          [ ] CCP 416.40 (association or partnership) [ ] CCP 416.90 (individual)
          [ ] other:
4. [ ] by personal delivery on (date):

Form Adopted by Rule 982
Judicial Council of California
982(a)(9) [Rev. January 1, 1984]

(See reverse for Proof of Service)
SUMMONS

CCP 412.20

```
1  MICHAEL DEVIN (State Bar No. 107630)
   1300 Clay Street, Suite 600
2  P.O. Box 23782
   Oakland, CA 94623
3  TEL (510) 528-2182

4  Attorney for Plaintiff
```

**ENDORSED FILED**
ALAMEDA COUNTY

DEC 2 6 2001

CLERK OF THE SUPERIOR COURT
By S.E. Smith, Deputy

SUPERIOR COURT OF THE STATE OF CALIFORNIA
COUNTY OF ALAMEDA - NORTHERN DIVISION

MYRON A. SMITH,

    Plaintiff,

vs.

CITY OF OAKLAND, D. KEELY, I. MAYER, Sgt. REILEY, and DOES 1 - 50,

    Defendants.
_____/

NO. 2001-035547

COMPLAINT FOR PERSONAL INJURIES; VIOLATION OF CIVIL RIGHTS

PLAINTIFF MYRON A. SMITH alleges:

### I. PARTIES

1. Plaintiff MYRON A. SMITH is, and at all times alleged herein was, a resident of Oakland, Alameda County, California.

2. Defendant City of Oakland is a municipality, whose principal place of business is Oakland, California, and which operates a police department known as the Oakland Police Department. Said municipality has the capacity to sue and be sued.

3. Three peace officers whose identity currently is only partially known, are named herein as "D. KEELY, I. MAYER, Sgt. REILEY." Said peace officers are employed by the Oakland Police Department, and at all times alleged herein were so employed.

COMPLAINT      1

4. All other defendants whose identities are currently unknown to plaintiff, but who are employed by the Oakland Police Department, are among the fictitiously-named DOE defendants. The defendants sued as DOES 1 to 50 are sued herein under fictitious names because their true names, capacities and/or degree of responsibility for the acts alleged herein are unknown to plaintiff at this time. When plaintiff is able to ascertain this information, plaintiff will amend this Complaint accordingly. Plaintiff is informed and believes and alleges that each of the defendants are legally liable to plaintiff in some part for the wrongful acts and omissions of which plaintiff complains herein.

5. Plaintiff is informed and believes and alleges that all times herein mentioned each and every defendant was the agent, servant, employee and/or representative of each and every other defendants and, in doing the things complained of herein, was acting within the scope of that agency, service, employment, and/or representation, and that each and every defendant herein is jointly and severally responsible and liable to plaintiff for the damage hereafter alleged.

## II. FACTS COMMON TO ALL CAUSES OF ACTION

6. On or about January 28, 2001, plaintiff MYRON A. SMITH was driving his automobile in a line of traffic on a surface street near the 8300 block of Baldwin, in Oakland, California.

7. Defendants, and each of them, stopped the car driven by plaintiff, and ordered him to turn around. There was not sufficient room, due to road and traffic conditions, for plaintiff to comply with this order. Defendants, and each of them, ignored

COMPLAINT

2

plaintiff's request that they either move their car or the car behind plaintiff so that plaintiff could comply. At least one Oakland police officer pulled his weapon out and ordered plaintiff to exit his vehicle. When plaintiff hesitated, out of concern for his safety, the defendants then began to try to pull plaintiff from his car without allowing him to unbuckle his seat belt, sprayed mace on plaintiff, and used force and violence against plaintiff after he had been maced and was not resisting officers. The defendants then arrested plaintiff and charged him with violations of Vehicle Code sections 21367, 2800 and 12951(B); and violations of Penal Code sections 148 and 1203.2(a). The defendants also seized a videocamera and videotape belonging to plaintiff, which had been used by an occupant of plaintiff's car to record the actions of the defendants. The defendants then delayed providing charging allegations to the Alameda County District Attorney, after plaintiff had been placed in custody, so that plaintiff remained in custody against his will without being taken before a magistrate for more than 72 hours. Plaintiff was incarcerated from approximately 4:00 a.m. on January 28, 2001 until the late evening of February 1, 2001. Plaintiff was compelled to hire a lawyer to file a petition to obtain a court order to release him from custody.

8. Plaintiff did nothing to warrant being placed under arrest in this manner, and did not physically resist officers prior to being attacked in his car, maced, then thrown to the ground or being handcuffed. After restraining plaintiff, said defendants beat plaintiff about the face and body, and

3

COMPLAINT

intentionally humiliated plaintiff in the presence of his friends and other persons who gathered to watch.

9. A Notice of Claim was presented to the City of Oakland on June 22, 2001, and was denied on June 29, 2001.

III

FIRST CAUSE OF ACTION

FALSE ARREST - FALSE IMPRISONMENT

10. Plaintiff realleges and incorporates herein, by reference, paragraphs 1 through 9 inclusive.

11. As the direct and proximate result of the acts of the defendants alleged herein, plaintiff has suffered great bodily harm, great physical and emotional pain and suffering, humiliation, extreme and severe mental anguish, acute anxiety, emotional and physical distress, fear, depression, all to his detriment and damage.

12. The above-described conduct of the defendants and each of them constitutes false arrest and false imprisonment.

WHEREFORE plaintiff prays for relief as set forth below.

SECOND CAUSE OF ACTION

ASSAULT AND BATTERY

13. Plaintiff realleges and incorporates herein, by reference, paragraphs 1 through 9 inclusive, and paragraph 11.

14. The above-described conduct of the defendants and each of them constitutes assault and battery upon plaintiff.

WHEREFORE plaintiff prays for relief as set forth below.

COMPLAINT

4

THIRD CAUSE OF ACTION

INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

15. Plaintiff realleges and incorporates herein, by reference, paragraphs 1 through 9 inclusive, and paragraph 11.

16. The above-described conduct of the defendants and each of them constitutes the intentional infliction of emotional distress upon plaintiff.

WHEREFORE plaintiff prays for relief as set forth below.

FOURTH CAUSE OF ACTION

INVASION OF PRIVACY

17. Plaintiff realleges and incorporates herein, by reference, paragraphs 1 through 9 inclusive, and paragraph 11.

18. The above-described conduct of the defendants and each of them constitutes the invasion of plaintiff's right of privacy under the common law and Article I, section One of the California Constitution.

WHEREFORE plaintiff prays for relief as set forth below.

FIFTH CAUSE OF ACTION

CALIFORNIA CIVIL CODE SECTIONS 51.7(A) AND 52

19. Plaintiff realleges and incorporates herein, by reference, paragraphs 1 through 9 inclusive, and paragraph 11.

20. All persons in California have the right to be free of violence or intimidation by threat of violence committed against their persons because of their race or sex as stated in California Civil Code section 51.7, Plaintiff is a black male, and alleges

COMPLAINT                                        5

that had he been a white male, or a female of any race, he would not have been treated as he was by said peace officers. By their above-described conduct, defendants have denied plaintiff his rights to be free from violence or intimidation because of his race or sex. Plaintiff has therefore been damaged in his civil rights in violation of California Civil Code section 51.7.

21. Under section 52 of the California Civil Code plaintiff is entitled to actual damages and $10,000 for each violation of section 51.7.

WHEREFORE plaintiff prays for relief as set forth below.

## SIXTH CAUSE OF ACTION
## ARTICLE I, SECTION 7 (A) AND THIRTEEN
## OF THE CALIFORNIA CONSTITUTION

22. Plaintiff realleges and incorporates herein, by reference, paragraphs 1 through 9 inclusive, and paragraph 11.

23. The above-described conduct of the defendants violated the rights of plaintiff to be free from unreasonable searches and seizures under Article I, Section 13 of the California Constitution and his right not to be deprived of liberty without due process of law under Article I, Section 7(a) of the California Constitution. Plaintiff's property was seized and not returned despite his request that the videocamera be returned.

WHEREFORE plaintiff prays for relief as set forth below.

COMPLAINT

6

## SEVENTH CAUSE OF ACTION

## FOURTH AND FOURTEENTH AMENDMENTS

## TO THE UNITED STATES CONSTITUTION

24. Plaintiff realleges and incorporates herein, by reference, paragraphs 1 through 9 inclusive, and paragraph 11.

25. The above-described conduct of the defendants violated the rights of plaintiff to be free from unreasonable searches and seizures, and from the use of excessive, unreasonable and unjustified force against his person, under the Fourth Amendment to the United States Constitution, as applied to the States under the Fourteenth Amendment to the United States Constitution.

WHEREFORE plaintiff prays for relief as set forth below.

## EIGHTH CAUSE OF ACTION

## 42 U.S.C. SECTIONS 1983 and 1988

26. Plaintiff realleges and incorporates herein, by reference, paragraphs 1 through 25 inclusive.

27. Plaintiff claims damages for the injuries alleged herein under 42 U.S.C. section 1983 against the individual peace officers employed by the defendant City of Oakland, including those who are named herein as "D. KEELY, I. MAYER, Sgt. REILEY," for violation of his constitutional rights under color of law.

28. Plaintiff alleges on information and belief that prior to January 28, 2001, the City of Oakland developed and maintained policies or customs exhibiting deliberate indifference to the constitutional rights of persons in Oakland, which caused the above-described violation of plaintiff's rights.

7

COMPLAINT

29. Plaintiff alleges on information and belief that it is the policy and custom of the City of Oakland to inadequately and improperly investigate citizen complaints of police misconduct, and acts of misconduct directed against black males especially were instead tolerated by the City of Oakland.

30. Plaintiff alleges on information and belief that it is the policy and custom of the City of Oakland to inadequately train and supervise its police officers, including the defendant peace officers herein, thereby failing to discourage further constitutional violations on the part of its police officers. The City of Oakland did not require appropriate in-service training or re-training of officers who were known to have engaged in police misconduct.

31. As a result of the above-described policies and customs, police officers of the City of Oakland, including the defendant peace officers, believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

32. The above-described policies and customs demonstrated a deliberate indifference on the part of the policymakers of the City of Oakland to the constitutional rights of the persons who resided within Oakland, and were a cause of the violations of plaintiff's rights alleged herein.

WHEREFORE plaintiff prays for relief as set forth below.

COMPLAINT

3

## NINTH CAUSE OF ACTION

## CONSPIRACY

33. Plaintiff realleges and incorporates herein, by reference, paragraphs 1 through 32 inclusive.

34. Defendants conspired to commit the above-alleged deprivations of plaintiff's constitutional and other rights.

WHEREFORE plaintiff prays for relief as set forth below.

## IV

## PRAYER FOR RELIEF

WHEREFORE, plaintiff prays for judgment against all defendants and each of them as follows:

A. For general damages against all defendants jointly and severally in amount to be determined according to proof;

B. For special damages against all defendants jointly and severally in amount to be determined according to proof;

C. For punitive and exemplary damages against all individual defendants jointly and severally in amount to be determined according to proof;

D. For $10,000 for each violation of California Code of Civil Procedure section 51.7;

E. For reasonable attorney fees and costs of suit;

F. For such other and further relief as the court may deem just and proper.

DATED: December 21, 2001

MICHAEL DEVIN
Attorney for Plaintiff

COMPLAINT                                9